United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **BRYAN BOONE, TDCJ #1978777,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 5:22-CV-31** |
| **WARDEN McKEE, et al.,** | § § § | |
| **Defendants.** | § § | |

## REPORT AND RECOMMENDATION

While incarcerated in the Texas Department of Criminal Justice—Institutional Division ("TDCJ"), Plaintiff Bryan Boone filed a civil rights complaint under 42 U.S.C. § 1983 against Director Bobby Lumpkin, alleging that excessive force was used against him during an incident at the Cotulla Unit. He also appears to raise claims that are related to a conviction entered against him in Bowie County. He has filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2).

The District Court referred this case to the Undersigned on May 2, 2022, for rulings on the pending application for leave to proceed *in forma pauperis* and whether the complaint survives screening under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A. (Dkt. No. 3). After reviewing Plaintiff's submissions, the record of the proceedings, and the applicable law, the Undersigned recommends that the District Judge **DISMISS** this case for the reasons discussed below.

## I.   DISCUSSION

Because Plaintiff filed his complaint while incarcerated, he is required to comply with the PLRA, 28 U.S.C. § 1915(b), which requires prisoners who seek leave to proceed *in forma pauperis* to pay an initial partial filing fee, followed by the full balance of the fee for indigent litigants ($350.00), in installments. To determine eligibility for leave to proceed *in forma pauperis*, the PLRA also requires prisoners to submit supporting documentation in the form of a certified inmate trust fund account statement or institutional equivalent. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff did not provide a copy of his certified inmate trust account statement in

support of his motion for leave to proceed *in forma pauperis*. On June 21, 2022, the Court issued a Notice of Deficient Pleading, which instructed Plaintiff to file a copy of his certified inmate trust fund account statement within 21 days. (Dkt. No. 4). Plaintiff was expressly warned that "[f]ailure to comply with this Order may result in dismissal of the case for want of prosecution under Federal Rule of Civil Procedure 41(b)." (*Id.*).

On August 25, 2022, the Court granted Plaintiff's request for an extension of time, up to and including September 16, 2022, in which to provide the required documentation in support of his application for leave to proceed *in forma paupers*. (Dkt. No. 7). The Court noted that Plaintiff was due to be discharged from TDCJ and advised him that his release would not excuse his compliance with the PLRA. *See Gay v. Texas Dep't of Corrections, State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997). The Court also advised Plaintiff that it was his responsibility to provide an updated address upon his release. *See* S.D. Tex. R. 83.4 (stating that a *pro se* litigant is responsible for keeping the clerk advised in writing of his current address).

Plaintiff has not complied by providing an affidavit or other information in support of his application for leave to proceed *in forma pauperis* and his time to do so has expired. Likewise, he has not provided the Court with an updated address. (Dkt. No. 6 at 1). As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (per curiam) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

Plaintiff's failure to comply with previous orders or to pursue this action by providing a current address forces the Court to conclude that he lacks due diligence and that he has abandoned this lawsuit. Under the inherent powers necessarily vested in a court to manage its own affairs, the Court concludes that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to

prosecute or to comply with any court order).

## II.   RECOMMENDATIONS

Based on the foregoing, the Undersigned **RECOMMENDS** that the District Judge **DISMISS** this action for want of prosecution. It is further **RECOMMENDED** that the District Judge **DENY** the motion for leave to proceed *in forma pauperis*, (Dkt. No. 2).

## III.   NOTICE OF RIGHT TO OBJECT

Within 14 days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within 14 days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service[1] shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

The Court **DIRECTS** the Clerk of the Court to mail Petitioner a copy of this Report and Recommendation with return receipt requested at the address indicated in his most recent filing.

---

[1] The Court notes that under the "prisoner mailbox rule," Petitioner's objections, if any, will be deemed filed on the date he gives notice to the prison authorities that his documents should be sent to the Court, not the date the Court actually receives the documents. *See Brown v. Taylor*, 829 F.3d 365, 368–69 (5th Cir. 2016).

**SIGNED** on October 25, 2022.

_____
John A. Kazen
United States Magistrate Judge