United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| BRYAN BOONE, TDCJ #1978777, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-31 |
| | § | |
| WARDEN McKEE, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### AMENDED REPORT AND RECOMMENDATION

While incarcerated in the Texas Department of Criminal Justice—Institutional Division ("TDCJ"), Plaintiff Bryan Boone filed a civil rights complaint under 42 U.S.C. § 1983 against Director Bobby Lumpkin, alleging that excessive force was used against him during an incident at the Cotulla Unit. He also appears to raise claims that are related to a conviction entered against him in Bowie County. He has filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2).

The District Court referred this case to the Undersigned on May 2, 2022, for rulings on the pending application for leave to proceed *in forma pauperis* and whether the complaint survives screening under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A. (Dkt. No. 3). The Undersigned's prior Report and Recommendation entered on October 25, 2022, (Dkt. No. 9), is hereby **WITHDRAWN**. Pursuant to U.S.C. § 636(b)(3), the Undersigned now submits this Amended Report and Recommendation.[1] After reviewing Plaintiff's submissions, the record of the proceedings, and the applicable law, the Undersigned recommends that the District Judge **DISMISS** this case for the reasons discussed below.

### I.   DISCUSSION

Because Plaintiff filed his complaint while incarcerated, he is required to comply with the PLRA, 28 U.S.C. § 1915(b), which requires prisoners who seek leave to proceed *in forma pauperis* to pay an initial partial filing fee, followed by the full balance of the

---

[1] This Amended Report and Recommendation supersedes and replaces the prior Report and Recommendation, (Dkt. No. 9), which has been withdrawn and has no force and effect.

fee for indigent litigants ($350.00), in installments. To determine eligibility for leave to proceed *in forma pauperis*, the PLRA also requires prisoners to submit supporting documentation in the form of a certified inmate trust fund account statement or institutional equivalent. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff did not provide a copy of his certified inmate trust account statement in support of his motion for leave to proceed *in forma pauperis*. On June 21, 2022, the Court issued a Notice of Deficient Pleading, which instructed Plaintiff to file a copy of his certified inmate trust fund account statement within 21 days. (Dkt. No. 4). Plaintiff was expressly warned that "[f]ailure to comply with this Order may result in dismissal of the case for want of prosecution under Federal Rule of Civil Procedure 41(b)." (*Id.*).

Plaintiff requested an extension of time in which to provide the required documentation in support of his application for leave to proceed *in forma pauperis*. (Dkt. No. 6). In that same communication to the Court, Plaintiff stated that he was due to be released from TDCJ on August 30, 2022. (*Id.* at 1). On August 25, 2022, the Court granted Plaintiff's request for an extension of time, setting a new deadline of September 16, 2022 for Plaintiff to provide the required documentation. (Dkt. No. 7). The Court acknowledged Plaintiff's representation that he was due to be discharged from TDCJ and advised him that his release would not excuse his compliance with the PLRA. (*Id.* at 3). *See Gay v. Texas Dep't of Corrections, State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997). The Court also advised Plaintiff that it was his responsibility to provide an updated address upon his release. *See, e.g.*, S.D. TEX. R. 83.4 (stating that a *pro se* litigant is responsible for keeping the clerk advised in writing of his current address); *Silver v. Berryhill*, No. 1:16-CV-1316-LY, 2018 WL 4701803, at *1 (W.D. Tex. July 30, 2018) ("[I]t is incumbent upon litigants to inform the Court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.").

Plaintiff violated the Court's Order of August 25, 2022 by failing to provide an affidavit or other information in support of his application for leave to proceed *in forma pauperis* within the extended deadline set by the Court. The failure to file a properly supported *in forma pauperis* application in violation of a court order supports dismissal

2

of this lawsuit. *Fleetwood v. McMahon*, No. 1:19-CV-675-RP, 2019 WL 6311372, at *2 (W.D. Tex. Nov. 25, 2019) ("[A] plaintiff's failure to pay a filing fee, or secure pauper status, 'within a reasonable time or in bad faith[,] may constitute an independent ground for dismissing a case.'") (quoting *Mealancon v. Associated Cath. Charities of New Orleans, Inc.*, No. CIV.A. 96-2084, 1997 WL 194620, at *2 n.9 (E.D. La. Apr. 22, 1997)).

Likewise, Plaintiff has apparently been released from TDCJ,[2] but he has not provided the Court with an updated address. (Dkt. No. 6 at 1). As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (per curiam) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007). Plaintiff's failure to provide the Court with his current address prevents this lawsuit from moving forward. Plaintiff has not initiated any contact with the Court since August of 2022, and the Court is unable to deliver any orders or other communications to Plaintiff.

Plaintiff's failure to comply with previous orders or to pursue this action by providing a current address compels the Undersigned to conclude that he has failed to exercise due diligence and that he has abandoned this lawsuit. Under the inherent powers necessarily vested in a court to manage its own affairs,[3] the Undersigned concludes that dismissal for failure to comply with a court order and for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Typically, a dismissal under Rule 41(b) is reviewable only for an abuse of

---

[2] A search for Defendant's name and number—Boone, Bryan, 01978777—on the TDCJ website confirms that he is no longer in prison as of the issuance of this report and recommendation. https://inmate.tdcj.texas.gov/InmateSearch.

[3] *See Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962) (explaining that the authority of federal courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief" is inherent and "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

discretion. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). However, a heightened standard of review applies when the dismissal "is with prejudice or if it is without prejudice and 'the applicable statute of limitations probably bars further litigation.'" *Keller v. Davis*, 712 Fed. App'x. 435, 436 (5th Cir. 2018) (quoting *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). The Fifth Circuit reviews the latter as it would a dismissal with prejudice. *Id.* Here, because the statute of limitations has probably lapsed for Plaintiff's claims,[4] any dismissal would likely have the effect of a dismissal with prejudice. Accordingly, the Undersigned determines whether dismissal is appropriate in the present case by applying the more stringent standard for dismissing claims with prejudice.

"A Rule 41(b) dismissal of an action with prejudice is a severe sanction, to be used only when the conduct in question has threatened the integrity of the judicial process." *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). Thus, a dismissal with prejudice—or its functional equivalent—is improper absent "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). Additionally, "most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *but see Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We have stated that aggravating factors must 'usually' be found; we have not said they must 'always' be found."). Here, the Undersigned finds not only that both prongs of the aforementioned test are satisfied,

---

[4] Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendant Warden McKee assaulted him on July 13, 2020, causing "extreme pain and continuous suffering." (Dkt. No. 1 at 6). "[T]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Heilman v. City of Beaumont*, 638 Fed. App'x. 363, 366 (5th Cir. 2016). In Texas, the statute of limitations for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Moreover, that two-year limitations period begins to run as soon as the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Heilman*, 638 Fed. App'x. at 366 (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Based on Plaintiff's allegations, the injuries began immediately following an attack by Warden McKee. (Dkt. No. 1 at 6). Moreover, Plaintiff alleges no uncertainty as to who attacked him and caused the injuries. (*Id.*). Thus, the statute of limitations expired on Plaintiff's § 1983 claim on July 13, 2022, two years from the date of the alleged assault.

4

but also that at least one aggravating factor is present.

The Undersigned twice admonished Plaintiff of steps he was required to take in order to proceed with his claims. (Dkt. Nos. 4 and 7). On June 21, 2022, the Undersigned ordered Plaintiff to file a copy of his certified inmate trust fund account within 21 days, warning him that failure may result in dismissal of his claims for want of prosecution. (Dkt. No. 4 at 2). The Undersigned then extended Plaintiff's deadline to September 16, 2022, again warning him that failure to comply may result in dismissal of his claims. (Dkt. No. 7 at 2). The Undersigned also admonished Plaintiff that he could seek a second extension of his deadline to comply, if necessary. (*Id.*). To this date, Plaintiff has failed to file the required documentation or request an extension of time to do so. Without this information, Plaintiff's application for leave to proceed *in forma pauperis* is defective and incomplete, and this case cannot proceed. Moreover, the Undersigned expressly warned Plaintiff that it was his responsibility to provide the Court with an updated address upon his release from prison. (*Id.* at 3). Despite this warning, Plaintiff has failed to provide the Court with an updated address.

*Lesser sanctions*. The sorts of lesser sanctions contemplated by the Fifth Circuit "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016). Moreover, where a plaintiff has been "fully and repeatedly apprised of the possible imposition of the . . . sanction [of dismissal with prejudice],' it [i]s not necessary for the district court to consider other possible sanctions, such as conditional orders[.]" *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985). As noted, *supra*, the Undersigned's previous explicit warnings of the possibility of dismissal have proven fruitless. Moreover, "[a] fine would not be appropriate as a sanction since the Plaintiff has at least attempted to proceed *in forma pauperis*." *Dodd v. Burnett*, No. 6:11-CV-550, 2011 WL 6934483, at *1 (E.D. Tex. Dec. 6, 2011), *report and recommendation adopted*, No. 6:11-CV-550, 2011 WL 6934476 (E.D. Tex. Dec. 30, 2011).

Furthermore, the imposition of lesser sanctions would be futile because the Court would be unable to make Plaintiff aware of those lesser sanctions. Despite admonishing

Plaintiff to provide the Court with an updated address, he has not done so. Thus, any orders for lesser sanctions against Plaintiff, whether to show cause or otherwise, would prove ineffective because they simply would not reach him. And this is not merely conjecture; the Clerk of Court has twice attempted to deliver to Plaintiff a copy of the Undersigned's original Report and Recommendation, (Dkt. Nos. 10 and 11), but each time it was returned with the marking "undeliverable." (Dkt. Nos. 10 and 12). The Court's inability to communicate to Plaintiff, whether for the purpose of cajoling his participation or advancing the resolution of this case, supports dismissal. *See Luke v. Neal/Richard*, No. CV 19-14605, 2020 WL 7398987, at *2 (E.D. La. Dec. 2, 2020), *report and recommendation adopted sub nom. Luke v. Bergeron*, No. CV 19-14605, 2020 WL 7398650 (E.D. La. Dec. 17, 2020) (dismissing pro se plaintiff's claims with prejudice because he "failed to provide the Court with his current address despite being aware of his obligation to do so," mail sent to his address of record was "returned as undeliverable," and thus, "[d]ue solely to plaintiff's failure," the Court had "no way to contact him in order to . . . advance his case on the docket").

Under these circumstances, where Plaintiff has not only failed to prosecute his case but has also rendered himself unreachable by the Court—despite being warned of his responsibility to provide the Court with an updated address—the imposition of lesser sanctions would be a Sisyphean exercise and unnecessarily obstruct the Court's ability to efficiently manage its own docket. Thus, for the foregoing reasons, the Undersigned finds that no lesser sanction than dismissal would better serve the ends of justice.

*Contumacy*. Dismissal with prejudice is warranted where "a clear record of delay or contumacious conduct by the plaintiff" exists. *Gray*, 634 F.2d at 227. The Court's admonitions in its prior orders—and Plaintiff's disregard of the same—constitute a clear record of contumacious conduct. *See Contumacy*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Contempt of court; the refusal of a person to follow a court's order or direction."); *Contumacious Conduct*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A willful disobedience of a court order."). In *Fleetwood*, the plaintiff filed a complaint but never paid the filing fee. 2019 WL 6311372, at *1. The Court ordered him to either pay the filing fee or file the necessary documentation to proceed *in forma pauperis*. *Id.* Four months later, the

6

plaintiff had done neither. *Id.* The Court found that the plaintiff "ha[d] acted in a contumacious fashion . . . . sufficiently severe and deliberate as to justify the drastic sanction of dismissal." *Id.* For these reasons, Plaintiff's contumacy is sufficient to support dismissal of his claims.

*Aggravating factors.* Finally, though not strictly required to support dismissal, *Sealed Appellant*, 452 F.3d at 418, the Undersigned also finds that—because Plaintiff is *pro se*—the first of the aggravating factors in *Price* is satisfied: *viz.*, the delay was "caused by plaintiff himself and not his attorney[.]" 792 F.2d 474. "[T]he decision to proceed pro se does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). It was Plaintiff's responsibility to comply with the Undersigned's orders and to provide the Court with an updated address upon his release from prison, and he did neither.

Thus, with both the contumacy prong and the no-lesser-sanctions prong satisfied, and with at least one persuasive aggravating factors present, Plaintiff's claims should be dismissed without prejudice, even in light of the fact that the applicable statute of limitations has likely expired.

## II.   RECOMMENDATION

Based on the foregoing, the Undersigned **RECOMMENDS** that the District Judge **DISMISS** this action **without prejudice** for want of prosecution and failure to obey an order from the Court. It is **FURTHER RECOMMENDED** that the District Judge **DENY as moot** Plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. No. 2).

## III.   NOTICE OF RIGHT TO OBJECT

Within 14 days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with

instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

The Court **DIRECTS** the Clerk of the Court to mail Plaintiff a copy of this Report and Recommendation with return receipt requested at the address indicated in his most recent filing.

**SIGNED** on January 3, 2023.

John A. Kazen
United States Magistrate Judge

8